UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON L. JOHNSON,

    Plaintiff,

v.                                          Case No: 8:21-cv-2704-JLB-TGW

DEAN J. LANDSMAN, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff Brandon Johnson's amended complaint (Doc. 5) and compel arbitration of his claims. (Doc. 16.) Mr. Johnson, proceeding pro se, has responded in opposition. (Doc. 23.) Upon careful review, Mr. Johnson's amended complaint is due to be **DISMISSED** with leave to amend, and the request to compel arbitration is **DENIED without prejudice**.

## BACKGROUND

Mr. Johnson filed this action against his prior employer, Edward D. Jones & Co., L.P. ("Edward Jones"), and several "financial advisors," alleging that Edward Jones violated various securities regulations and statutes. (Doc. 1.) He then filed an amended complaint and two purported emergency motions for a preliminary injunction, which were denied. (Docs. 5, 6, 8, 13, 14.) In his amended complaint, Mr. Johnson presents a three-page "Statement of Claim," which does not include

numbered paragraphs, separate his various claims into different counts, or specify which defendants the claims are raised against. (Doc. 5 at 8–10.)

Essentially, Mr. Johnson alleges that Edward Jones "failed to disclose material facts about internal asset sales to new Edward Jones Financial Advisors (FA) including [him]." (Id. at 8.) More specifically, Mr. Johnson alleges that Edward Jones "used high pressure sales techniques . . . to sell [him] a $5,000,000 book of business," which Edward Jones "knew was statistically likely to fail." (Id.) According to Mr. Johnson, "Edward Jones Corporate Office and Edward Jones Management team analyzes these investments prior to sale, they willingly choose to withhold critical facts in the process of material misrepresentation from the purchaser ([Mr. Johnson]) of the quality of these assets," and "this misconduct allowed Edward Jones HQ, EJ leaders, and Edward Jones senior Financial Advisors to profit off of withholding information at the time of sale." (Id. at 8–9.) Mr. Johnson further alleges that Edward Jones "has the complete ability to make or break these investments, by withholding support, withholding staffing, and withholding additional resources . . . as forms of punishment or retribution in certain cases," and that Edward Jones "has incentive for these investments to fail, because when the investment fails, they terminate the new employee, and all assets and books of business go back to Edward Jones." (Id. at 9.)

Although the "Statement of Claim" does not specify the cause of action Mr. Johnson seeks to bring, elsewhere in his amended complaint Mr. Johnson states that "[t]hrough this misconduct, [Edward Jones] violates e.C.F.R. – Title 17 –

2

Chapter 2, S.E.C. Part 240 – General Rules and Regulations, S.E.C. act of 1934, 240, 10-b-5 (a)(b)(c).  Section 17(a) of the Securities Act – 15 U.S.C., 17q(a).  941.  18 U.S.C. 1343." (Id. at 3.)  Defendants have moved to dismiss the amended complaint for several reasons, including that it fails to "articulate a coherent claim pursuant to the requirements" of the Federal Rules of Civil Procedure.  (Doc. 16 at 1.)  They also contend that Mr. Johnson's claims are subject to arbitration.  (Id. at 7–12.)  Mr. Johnson has responded in opposition.  (Doc. 23.)

## DISCUSSION

**I.     The amended complaint is an impermissible shotgun pleading.**

Upon review of Mr. Johnson's amended complaint, the operative pleading fails to notify Defendants of the claims against them or the grounds on which those claims rest.  Accordingly, the amended complaint is a shotgun pleading that is due to be dismissed.

Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  And Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Taken together, as explained by the Eleventh Circuit, Rules 8 and 10

> require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether

> the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).[1]

Shotgun pleadings violate the pleading rules by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four varieties of shotgun pleadings: (1) a pleading in which multiple counts each adopt the allegations of all preceding counts; (2) a pleading that uses conclusory, vague, and immaterial facts unconnected to a particular cause of action; (3) a pleading that fails to separate each cause of action or claim for relief into distinct counts; and (4) a pleading that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act, or which defendant a claim is brought against. See id. at 1321–23.

Upon review, there are several deficiencies with the amended complaint, which ultimately fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. First, Mr. Johnson presents all his claims in a three-page "Statement of Claim," which includes factual allegations and legal conclusions. (Doc. 5 at 8–10.) That statement does not "state [Mr. Johnson's] claims . . . in numbered paragraphs, each limited as far as practicable

---

[1] Courts hold the pleadings of pro se litigants to a less stringent standard than pleadings drafted by attorneys. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But courts do not have a duty to "rewrite" a pro se litigant's complaint to find a claim. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam).

to a single set of circumstances." Fed. R. Civ. P. 10(b). Nor does it identify any cause of action, although elsewhere in his pleading Mr. Johnson alleges that Edward Jones has violated "e.C.F.R. – Title 17 – Chapter 2, S.E.C. Part 240 – General Rules and Regulations, S.E.C. act of 1934, 240, 10-b-5 (a)(b)(c). Section 17(a) of the Securities Act – 15 U.S.C., 17q(a). 941. 18 U.S.C. 1343." (Doc. 5 at 3.) Mr. Johnson has also filed documents relating to a potential discrimination claim (Docs. 23-1, 24), and alleges that "Edward Jones is also still in possession of over $100,000+ of personal property they illegally stole from [him]" from a listed address (Doc. 5 at 4). Mr. Johnson thus appears to bring several causes of action, yet he does not separate each cause of action or claim for relief into distinct counts. See Weiland, 792 F.3d at 1323.

The pleading further combines multiple claims against multiple defendants without specifying which defendant is responsible for which act. See id. Mr. Johnson does not allege that any of the individual defendants violated the above regulations and statutes, and no factual allegations as to a specific individual defendant are included in his "Statement of Claim." (Doc. 5 at 3, 8–10.) Notwithstanding, Mr. Johnson alleges that "Edward Jones Corporate Office and Edward Jones Management team analyzes . . . investments prior to sale, they willingly choose to withhold critical facts in the process of material misrepresentation from the purchaser ([Mr. Johnson]) of the quality of these assets," and that "this misconduct allowed Edward Jones HQ, EJ leaders, and Edward Jones senior Financial Advisors to profit off of withholding information at the time of sale." (Id. at 8–9.) Upon review, however, it is unclear whether Mr. Johnson is alleging that each of the individual

5

defendants analyzed the investments and made material misrepresentations to him or others. At bottom, it is unclear what conduct he is alleging the individual defendants engaged in to support his claims against them.

Mr. Johnson appears to acknowledge this problem by alleging that "Edward Jones keeps a very loose, opaque, and obscure management structure which makes it impossible to determine which leaders are responsible for these malicious behaviors." (Id. at 10.) The Federal Rules of Civil Procedure nevertheless require Mr. Johnson to submit a pleading that allows Defendants to "discern what he is claiming and frame a responsive pleading," and for this Court to "determine which facts support which claims." Fikes, 79 F.3d at 1082. The amended complaint does neither, and Mr. Johnson will be permitted one final opportunity to amend his pleading. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).[2]

## II. Defendants may raise the issue of arbitration if Mr. Johnson files a second amended complaint.

Defendants next contend that Mr. Johnson's claims are subject to arbitration pursuant to an arbitration provision in his employment agreement. (Doc. 16 at 7–12.)[3] Mr. Johnson does not expressly dispute the validity or enforceability of the

---

[2] Because the complaint is due to be dismissed as a shotgun pleading, it is unnecessary to address Defendants' arguments for dismissal under Federal Rules of Civil Procedure 9(b) and 12(b)(6). (Doc. 16 at 2–7.) Mr. Johnson should take these arguments into account should he decide to file a second amended complaint.

[3] The arbitration provision in the employment agreement provides as follows:

> You agree that any dispute, claim or controversy arising under this Agreement or as a result of your employment with Edward Jones between you and Edward Jones or any

arbitration provision. (Doc. 23 at 1–2.) Instead, he contends that the alleged conduct is "criminal" and therefore should not "be handled via arbitration." (Id.)

Upon review of the parties' arguments, the arbitration provision, and the allegations in the amended complaint, the Court finds that the better course is to permit Mr. Johnson to file an amended pleading consistent with this Order before deciding whether, as Defendants suggest, the "Employment Agreement and the nature of this dispute between Edward Jones and its employee trigger the provisions of the [Federal Arbitration Act]." (Doc. 16 at 8.) Indeed, given the noted deficiencies in Mr. Johnson's amended complaint, clarification as to the nature of the claims is required.[4]

---

> present or former employee, agent, officer, director, affiliate, or partner of Edward Jones shall be resolved by arbitration and without resort to litigation in court. Any arbitration proceedings shall be conducted in accordance with the FINRA rules then in effect. This agreement to arbitrate disputes shall survive the termination of your employment with Edward Jones. This provision shall in no way affect or impair Edward Jones' right under any other provision of this Agreement to obtain equitable relief from a court of competent jurisdiction, which relief may remain in full force and effect pending the outcome of arbitration proceedings.

(Doc. 16-1 at 5, ¶ 17.)

[4] If Mr. Johnson decides to file a second amended complaint and opposes a subsequent motion to compel arbitration, he is directed to respond to Defendants' contention that "[t]he Employment Agreement executed by Plaintiff . . . delegated threshold issues of arbitrability to the FINRA arbitrators." (Doc. 16 at 10); see Henry Schein, Inc. v. Archer and White Sales, Inc., 139 S. Ct. 524, 529 (2019). The Court cautions Mr. Johnson that he may be liable to pay, among other things, attorney's fees and other associated costs in actions against any or all of the defendants he names in this complaint or other litigation.

## CONCLUSION

For these reasons, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 16) is **GRANTED** to the extent that Plaintiff's Amended Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.

2. Plaintiff may file a second amended complaint consistent with this Order on or before May 31, 2022. If he fails to timely file a second amended complaint, the Court will dismiss this action without further notice.

3. Defendants' request to compel arbitration is **DENIED without prejudice**. Defendants may renew their request if Plaintiff files a second amended complaint.

**ORDERED** in Tampa, Florida this 10th day of May, 2022.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE